WARREN, TAX ASSESSOR *v.* WHEATLEY.

5-845                                         286 S. W. 2d 334

Opinion delivered January 30, 1956.

*R. Julian Glover,* for appellee.

*Richard W. Hobbs,* for appellant.

GEORGE ROSE SMITH, J. This is a tax assessment proceeding involving thirteen parcels of land owned by the appellee. At its 1953 session the county board of equalization approved valuations totaling $143,100 that had been assigned to the lands by the county assessor. In appealing to the county court the property owner failed to publish, or to have the county clerk publish, the statutory notice that such an appeal had been taken. Ark. Stats. 1947, § 84-708. The county court, after a hearing, entered an order reducing the assessed valuations to $135,650. At the next term of court, however, the court set aside its order upon the ground that publication of the statutory notice was essential to its jurisdiction. That action was later reversed by the circuit court, which reinstated the original county court order. The county assessor has appealed from the judgment of the circuit court.

We think the county court was right in considering the publication of notice to be indispensable to its jurisdiction. It is commonplace for the legislature to prescribe certain jurisdictional steps in appellate procedure. Familiar examples include the filing of a notice of appeal to this court, *General Box Co.* v. *Scurlock,* 223 Ark. 967, 271 S. W. 2d 40, and the lodging of the transcript within thirty days after the rendition of judgment by a justice of the peace. *Bridgman* v. *Johnson,* 200 Ark. 990, 142 S. W. 2d 217.

The statute cited above provides that ''the county court shall acquire no jurisdiction to hear such appeal'' from the equalization board unless the required notice is published. The legislature could hardly have declared more explicitly that the notice is a prerequisite to the county court's power of review. Nor is the defect cured by the fact that here the assessor appeared and contested the case in the county court. The notice is more than a

mere summons by which the court acquires personal jurisdiction over the assessing officials. The statutory form of notice is expressly for the benefit of "any owner of property" in the county and was doubtless adopted to supply an omission that had been found to exist in an earlier law. *Pulaski County* v. *Commercial Nat. Bank,* 210 Ark. 124, 194 S. W. 2d 883; 5 Ark. L. Rev. 368. The legislature evidently believed that the giving of publicity to a matter of interest to other taxpayers is of sufficient importance to be made a condition to the court's jurisdiction of the subject matter.

It is also argued that the county court was without authority to vacate its original order after the lapse of the term. This order, however, was void for want of jurisdiction, as we have seen, and was therefore subject to the court's continuing power to expunge such an order from its records. *Walsh* v. *Hampton,* 96 Ark. 427, 132 S. W. 214; *State* v. *West,* 160 Ark. 413, 254 S. W. 828.

Reversed.