STATE of Arkansas *v.* James HURST

CR 88-20                                                     752 S.W.2d 749

Supreme Court of Arkansas
Opinion delivered July 5, 1988

Steve Clark, Att'y Gen., by: Olan W. Reeves, Asst. Att'y Gen., for appellant.

Thomas J. O'Hern and Arthur L. Allen, by: Arthur L. Allen, for appellee.

JACK HOLT, JR., Chief Justice. The issue in this case is whether the State can appeal from a dismissal by a circuit court of a petition to revoke a felon's probation. We conclude that it cannot and dismiss the appeal.

The appellee, James Hurst, pleaded guilty to robbery charges and was sentenced to five years probation, a $100.00 fine plus costs, fifty hours community service, one year supervised probation, and one day in prison. Subsequently, the State petitioned to revoke his probation on the grounds that he had committed the crimes of capital murder, aggravated robbery, and theft of property. At the revocation hearing, the trial court dismissed the petition with prejudice because the State had failed to have Hurst examined at the state hospital pursuant to Ark. Code Ann. § 5-2-305(b)(4) (1987) within the sixty-day limit of Ark. Code Ann. § 5-4-310 (1987).

The State attempts to appeal from the trial court's order. Although the issue as to whether the State can appeal from this order was not raised by the parties, we have a duty to raise this question as it is a matter of subject matter jurisdiction. See Roy v. International Multifoods Corp., 268 Ark. 958, 597 S.W.2d 129 (1980). See also Hall v. Lunsford, 292 Ark. 655, 732 S.W.2d 141 (1987).

As a general rule, the State has no right to appeal except as conferred by constitution or rule of criminal procedure. See State v. Bibby, 47 Ala. App. 240, 252 So. 2d 662 (1971). See also United States v. Burroughs, 289 U.S. 159 (1933).

Ark. R. Crim. P. 36.10 governs appeals by the State. Rule 36.10(a) provides that the State may appeal from a pre-trial order in a felony prosecution (1) granting a motion under Rule 16.2 to suppress seized evidence, or (2) suppressing a defendant's confession. Rule 36.10(b) permits the State to appeal from non-

interlocutory orders following either a misdemeanor or felony prosecution.

Rule 36.10 does not empower the State to appeal from a dismissal by a circuit court of a petition to revoke a felon's probation. Rule 36.10(a) is inapplicable because an order dismissing or granting a petition to revoke is not a pre-trial order in a felony prosecution. Furthermore, such an order is not one granting a motion to suppress seized evidence or one suppressing a defendant's confession. Rule 36.10(b) does not apply since this appeal does not follow a misdemeanor proceeding. Accordingly, we dismiss the appeal.

Appeal dismissed.

HAYS, J., dissents.

STEELE HAYS, Justice, dissenting. I believe the majority is mistaken in concluding that Ark. R. Crim. P. 36.10(b) does not apply because "this appeal does not follow a misdemeanor or felony prosecution, but rather a revocation of probation proceeding." A revocation of probation proceeding is a continuation of the original criminal prosecution. 24 C.J.S. *Criminal Law* § 1618(11) (1961); *McGuire* v. *State*, 200 Tenn. 315, 292 S.W.2d 190 (1956). As such, the trial court's order of dismissal was a final order, from which the state has filed a notice of appeal, within the plain language and intent of the rule's drafters. To conclude that this appeal is not governed by Rule 36.10(b) means that a revocation proceeding is an extraordinary proceeding for which new and specialized rules of procedure will be required. In my view our present statutory framework offers sufficient ground for the state's appeal.

Not only does Rule 36.10 authorize the state to appeal from a revocation proceeding, but Ark. Code Ann. § 16-91-112 (1987), states in part:

> (a) Where an appeal on behalf of the state is desired, the prosecuting attorney shall pray the appeal during the term at which the decision is rendered, whereupon the clerk shall . . . transmit [the record] to the Attorney General . . . .
>
> (b) If the Attorney General, on inspecting the record, is

> satisfied that error has been committed to the prejudice of the state, and upon which it is important to the correct and uniform administration of the criminal laws that the Supreme Court should decide, he may, . . . take the appeal.

There is no language limiting the state to appeal from convictions only. In fact, while appeals by the state usually involve pre-trial orders, in *State* v. *Manees*, 264 Ark. 190, 569 S.W.2d 665 (1978), the state appealed from a trial court's order attempting to modify a sentence which had been partially served. Addressing the primary question on appeal, we acknowledged that the trial court lacked jurisdiction to modify, amend or revise a judgment after the term at which the sentence was pronounced. But significantly, in allowing the appeal, we implicitly acknowledged that the state is authorized to appeal from orders touching on post-conviction matters. That authority derives from both Ark. Code Ann. § 16-91-112 (1987), and Ark. R. Crim. P. 36.10(b). I respectfully dissent and would decide the case on its merits.