CITY OF LITTLE ROCK *v.* Harold W. TIBBETT

CR 89-182                                784 S.W.2d 163

Supreme Court of Arkansas
Opinion delivered February 20, 1990

*Mark Stodola*, Little Rock City Attorney, by: *Edward G. Adcock*, Asst. City Attorney, for appellant.

*Ralph M. Cloar, Jr.*, for appellee.

STEELE HAYS, Justice. This attempted appeal by the City of Little Rock on behalf of the State of Arkansas must be dismissed for noncompliance with Rule 36.10 of the Arkansas Rules of Criminal Procedure.

Harold Tibbett, appellee, was charged with driving while intoxicated, having no liability insurance and failure to produce a driver's license. He appealed from his convictions in the Little Rock Municipal Court and moved in circuit court to dismiss on the contention that the charges against him were brought only by the arresting officer, whose actions were invalid because of a failure to strictly comply with the Law Enforcement Standards Act, Ark. Code Ann. §§ 12-9-101—12-9-404 (1987). *See Grable v. State*, 298 Ark. 489, 769 S.W.2d 9 (1989).

The arresting officer was a member of the Little Rock Police Department and the appellee had challenged the method of the psychological testing employed by the city. Specifically, he charged that under Specification S-7 of the Arkansas Commission on Law Enforcement Standard Regulations, the psychological evaluation required by *Commission Regulation* § 1002, must be performed by utilizing both an "actual interview and a psychometric evaluation. . . ." (Arkansas Law Enforcement Standards, Specification S-7, Procedure 1.) In this case, no personal interview had been conducted, the officer's psychological evaluation had been performed only through a written

examination.

Tibbett argued that the failure to comply with Specification S-7 was a lack of strict compliance with the commission regulations as required by our holding in *Grable* v. *State, supra*. The trial court found that absent an actual face-to-face interview, the officer had not satisfied the minimum standards for employment under the commission regulations. The trial court dismissed the charges and from that dismissal, the city brings this appeal.

We do not reach the merits of the city's challenge as the appeal is not properly before us. Although the issue was not raised by either of the parties, we have a duty to raise it on our own as a matter of subject matter jurisdiction. *State* v. *Hurst*, 296 Ark. 132, 752 S.W.2d 749 (1988).

Generally speaking, the state has no right to appeal beyond that conferred by the Constitution or rules of criminal procedure. *State* v. *Hurst, supra*. Appeals by the state in criminal cases are allowed under A.R.Cr.P. Rule 36.10. The pertinent provisions under A.R.Cr.P. Rule 36.10 read:

> (b) Where an appeal, other than an interlocutory appeal, is desired on behalf of the state following either a misdemeanor or felony prosecution, the prosecuting attorney shall file a notice of appeal within thirty (30) days after entry of a final order by the trial judge.
>
> (c) When a notice of appeal is filed pursuant to either subsection (a) or (b) of this rule, the clerk of the court in which the prosecution sought to be appealed took place shall immediately cause a transcript of the trial record to be made and transmitted to the attorney general, or delivered to the prosecuting attorney, to be by him delivered to the attorney general. If the attorney general, on inspecting the trial record, is satisfied that error has been committed to the prejudice of the state, and that the correct and uniform administration of the criminal law requires review by the Supreme Court, he may take the appeal by filing the transcript of the trial record with the clerk of the Supreme Court within sixty (60) days after the filing of the notice of appeal.

The rule plainly requires that the prosecuting attor-

ney, after filing a notice of appeal, submit a transcript of the trial record to the attorney general and that the attorney general, after being satisfied that error has been committed and that the correct and uniform administration of criminal law requires review, may take the appeal by filing the record with this court. Nothing in the record indicates that these steps were taken in conjunction with the attorney general. Rather, the record reflects this appeal was handled by the city completely independent of the attorney general's office.

We held in *Tipton* v. *State*, 300 Ark. 211, 779 S.W.2d 138 (1989), that the provisions of the rule dealing with the correct and uniform administration of criminal law were jurisdictional. We have the same view of the provisions requiring that the appeal be taken by the attorney general.

As we previously stated, the state has no right to appeal except as conferred by the constitution or rule of criminal procedure, and the language of A.R.Cr.P. Rule 36.10(c) is not only clear and explicit, it is mandatory. *See Maxwell* v. *State*, 298 Ark. 329, 767 S.W.2d 303 (1989); *see also Warren, Tax Ass'r* v. *Wheatley*, 225 Ark. 901, 286 S.W.2d 334 (1956). It is equally clear there are significant policy reasons to hold the requirement jurisdictional. *See Maxwell, supra; Warren, supra.*

Appeal dismissed.