STATE of Arkansas *v.* Demetrius EDWARDS

CR 92-537                                      838 S.W.2d 356

Supreme Court of Arkansas
Opinion delivered October 5, 1992

*Winston Bryant*, Att'y Gen., by: *Clint Miller*, Senior Asst. Att'y Gen., for appellant.

*Robert P. Remet*, for appellee.

JACK HOLT, JR., Chief Justice. The State appeals an order dismissing Demetrius Edwards' charges on possession of cocaine with intent to deliver, second degree battery, and fleeing for lack

of a speedy trial. The State contends that the appeal is authorized by Ark. R. Crim. P. 36.10(b) and (c) because an error has been committed in the trial court which will prejudice the State and review is required for "the correct and uniform administration of the criminal law." Since this appeal does not fall within this category, we disagree with the State and dismiss its appeal.

The dates pertinent to the "speedy trial" issue are as follows:

| | |
|---|---|
| Feb. 25, 1991 | Date of Edwards' Arrest |
| Oct. 14, 1991 | Information Filed |
| Nov. 7, 1991 | Original Trial Date |
| Jan. 16 & 24, 1992 | Two Orders Filed Setting Trial on Feb. 4-7 |
| Jan. 24, 1992 | Appointment of Counsel Order |
| Jan. 28, 1992 | Defendant's Motion for Discovery |
| Feb. 4, 1992 | Order Resetting Trial to March 11, 1992 — delay charged to the defendant |
| Feb. 5, 1992 | Defendant's Objection to Trial Court's Order of February 4 — excludes delay due to resetting of trial date from one year speedy trial time period |
| Mar. 5, 1992 | Defendant's Motion to Dismiss for Lack of Speedy Trial |
| Mar. 9, 1992 | Date of Hearing on Motion to Dismiss |
| Mar. 10, 1992 | Dismissal of Charge |

Except for three days in September 1991, Edwards was incarcerated on other charges from February 25, 1991, until a hearing was held on March 9, 1992, at which Edwards' pretrial motion to dismiss for lack of speedy trial was granted. Edwards was never arraigned, nor was counsel appointed until January 24, 1992.

The threshold issue in this case is whether this court has

jurisdiction under Ark. R. Crim. P. 36.10(b) and (c), the rules governing appeals by the State from final judgments. Although this issue was not raised by the parties, we have a duty to raise this question as it is a matter of subject matter jurisdiction. *City of Little Rock* v. *Tibbett*, 301 Ark. 376, 784 S.W.2d 163 (1990); *State* v. *Hurst*, 296 Ark. 132, 752 S.W.2d 749 (1988).

The State submits this appeal on the basis that it entails an interpretation of Ark. R. Crim. P. 28.3(c), which provides that "[t]he period of delay resulting from a continuance granted at the request of the defendant or his counsel will be excluded in computing the time for trial" when considering whether a defendant received a speedy trial, and that this interpretation is necessary for the "correct and uniform administration of the criminal law requir[ing] review by the Supreme Court." Ark. R. Crim. P. 36.10(c). We find to the contrary.

■ In determining whether or not we have jurisdiction, the question before us is not whether the trial court improperly interpreted Ark. R. Crim. P. 28.3(c) as a matter of law, but rather, who is the proper party to make an evidentiary determination as to whether or not the defendant should have been brought to trial. Where the trial court acts within its discretion after making an evidentiary decision based on the facts on hand or even a mixed question of law and fact, this court will not accept an appeal under Ark. R. Crim. P. 36.10 *State* v. *Massery*, 302 Ark. 447, 790 S.W.2d 175 (1990). Here, the State questions the trial court's application of our rule to the facts at hand and not its interpretation, so the appeal must be dismissed.

A review of the record in this case reveals that the trial court reset the initial trial date from February 4, 1992, to March 11, 1992. The order appears as a preprinted form noting the oral motion of defendant to reset the trial and with handwritten notation that the delay caused by the resetting of the trial is to be excluded from the "speedy trial" period because "defendant's attorney did not request discovery until 1-28-92." A day later, February 5, defense counsel filed a formal objection to the court's charging of this delay to Edwards because any delay in trial was "not fairly attributable to acts or omissions of the defendant or his court-appointed counsel" since counsel had been appointed at such a late date.

On March 5, 1992, defense counsel filed a motion to dismiss for failure to bring Edwards to trial within the one year limit prescribed by Ark. R. Crim. P. 28.1. A hearing was held on the matter and the trial court entered an order dismissing the charges. Here again, this order was on a preprinted form on which the choice "Speedy trial limitations bar prosecution of the case" was checked, followed by a handwritten notation, "Court finds speedy trial expired 2-25-92." There are no further findings or recitations as to excludable time periods. In short, we have a scant record before us which declares a finding of fact by the trial court that the defendant was denied a speedy trial. Nonetheless, the trial court conducted a hearing, made a factual determination based on the pleadings and representations of the parties, and concluded that charges against Edwards should be dropped because his right to a speedy trial had been violated. This determination was well within the trial court's discretion. His ruling did not require an interpretation of our rules, merely its application to the facts at hand.

We have said on numerous occasions that the state has no right to appeal beyond that conferred by the Constitution or rules of criminal procedure. *City of Little Rock* v. *Tibbett*, 301 Ark. 376, 784 S.W.2d 163 (1990); *State* v. *Hurst*, 296 Ark. 132, 752 S.W.2d 749 (1988). Arkansas R. Crim. P. 36.10 is jurisdictional and mandatory. *Id.* Section (b) of Rule 36.10 applies in this appeal because this court considers an appeal from an order of dismissal noninterlocutory. *Ziegenbein* v. *State*, 282 Ark. 162, 666 S.W.2d 698 (1980); *State* v. *Block*, 270 Ark. 671, 606 S.W.2d 362 (1980), *cert. denied*, 451 U.S. 937 (1981).

Rule 36.10(b-c) provides that:

> Where an appeal, other than an interlocutory appeal, is desired on behalf of the state following either a misdemeanor or felony prosecution, the prosecuting attorney shall file a notice of appeal within thirty (30) days after entry of a final order by the trial judge. . .If the attorney general, on inspecting the trial record, is satisfied that *error has been committed to the prejudice of the state, and that the correct and uniform administration of the criminal law requires review of the Supreme Court*, he may take the appeal by filing the transcript of the trial record with

> the clerk of the Supreme Court within sixty (60) days after the filing of the notice of appeal.

Ark. R. Crim. P. 36.10(b-c) (our emphasis).

Directly on point is our holding in *Tipton* v. *State*, 300 Ark. 211, 779 S.W.2d 138 (1989). In *Tipton*, the trial court dismissed with prejudice a second degree murder charge pending against Tipton because the trial court failed to grant him a speedy trial. As in the instant case, the State attempted to appeal the order under Rule 36.10:

> We find that under the circumstances the State has no right to appeal under Rule 36.10 and, therefore, we dismiss the appeal.
>
> As a general rule, the State has no right to appeal except as conferred by constitution or rule of criminal procedure. *State* v. *Hurst*, 296 Ark. 132, 752 S.W.2d 749 (1988). Ark. R. Crim. P. 36.10(b) and (c) authorizes the State to appeal following either a misdemeanor or felony prosecution if "the attorney general, on inspecting the trial record, is satisfied that error has been committed to the prejudice of the state, and *the correct and uniform administration of the criminal law requires review by the Supreme Court.*"
>
> It is clear that the State's point for reversal that the trial court erred in dismissing the charge and in denying its motion for an excludable period does not involve the correct and uniform administration of the criminal law, a prerequisite for appeal under Rule 36.10(b) and (c). It simply concerns application of our speedy trial rules. Accordingly, the State cannot appeal from the trial court's order.

*Tipton*, 300 Ark. at 212, 779 S.W.2d at 139 (our emphasis).

Other recent cases support our lack of jurisdiction in this type of appeal. In *State* v. *Massery*, 302 Ark. 447, 790 S.W.2d 175 (1990), we held that a trial court's determination of a factual matter was not a proper subject for appeal under Rule 36.10(b) and (c):

> While Ark. R. Crim. P. 36.10(c) provides that the attorney general must make the determination whether this is the

sort of case we should take on appeal, the ultimate decision rests clearly with this court. If we were to reach the issue posed, it would have not universal affect [sic] on the administration of the law. The decision we are asked to review was factual.

Our rule on taking appeals by the state in criminal cases dates back as far as §§ 3410-11 of Crawford & Moses Digest which contained the same language permitting such appeals for the correct and uniform administration of justice. In *State* v. *Massey*, 194 Ark. 439, 107 S.W.2d 527 (1937), we were presented with an appeal by the state of a trial court's decision that evidence to corroborate accomplice testimony had been insufficient. We regard that as similar to the question here of whether the foundation evidence was sufficient. We wrote "[i]n this case the error complained of did not relate so much to a question of law as one of fact, or a mixed question of law and fact. It does not appear to be of sufficient importance under the provisions of the statute as to require an opinion upon the correctness of the conclusion reached by the trial judge."

*Massery*, 302 Ark. at 450-1, 790 S.W.2d at 178. *See also City of Little Rock* v. *Tibbett*, 301 Ark. 376, 784 S.W.2d 163 (1990); *State* v. *Hurst*, 296 Ark. 132, 752 S.W.2d 749 (1988).

■ As a matter of practice, we have only taken appeals which are narrow in scope and involve the interpretation of the law. These are clearly distinguishable from the present case. *See State* v. *Barter*, 310 Ark. 94, 833 S.W.2d 372 (1992) (appeal allowed under Rule 36.10 where fourth amendment evidentiary question at issue); *State* v. *Schaub*, 310 Ark. 76, 832 S.W.2d 843 (1992) (appeal allowed under Rule 36.10 where case involved an interpretation of the implied consent statute and a constitutional issue involving former jeopardy); *State* v. *Torres*, 309 Ark. 422, 831 S.W.2d 903 (1992) (appeal allowed under Rule 36.10 where constitutionality of criminal statute at issue bore on the correct and uniform administration of the criminal law); *State* v. *Switzer*, 305 Ark. 158, 806 S.W.2d 368 (1991)(appeal allowed under Rule 36.10 where key term of a statute required definition by this court); *State* v. *McMullen*, 302 Ark. 252, 789 S.W.2d 715 (1990) (appeal allowed under Rule 36.10 where substantial

question as to interaction between state and federal statute created former jeopardy).

To now hear this appeal would run afoul of the principles set forth in all of our previous opinions. We are not inclined to do so.

Appeal dismissed.