2017 Ark. 362

**STATE of Arkansas, Appellant**

v.

**Frederick David OWENS, Jr., Appellee**

**No. CR–17–314**

Supreme Court of Arkansas.

Opinion Delivered December 14, 2017

Leslie Rutledge, Att'y Gen., by: Kathryn Henry, Ass't Att'y Gen., for appellee.

One brief only.

JOSEPHINE LINKER HART,
Associate Justice

The State of Arkansas appeals from the grant of a motion to dismiss first-degree-murder charges against Frederick David Owens, Jr. Owens had asserted, and the State conceded, that Owens had not been brought to trial within the time specified by Rule 28.1 of the Arkansas Rules of Criminal Procedure. On appeal, the State argues that the "mechanical" application of Rules 28.1 and 30.1 of the Arkansas Rules of Criminal Procedure in resolving speedy-trial issues does not comport with a more "flexible" approach required by *Barker v. Wingo*, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972).

On September 6, 2012, the State charged Owens with the first-degree murder of Donovan France Buck in Prairie County Circuit Court. Owens had been arrested on September 1, 2012, the night of the murder. On October 15, 2012, defense counsel moved for a continuance until the following term, which resulted in a trial date of March 19, 2013. On August 5, 2015, the State wrote a letter to defense counsel seeking cooperation in securing a trial date. A jury trial was then set for February 8–10, 2016. However, because the medical examiner was not available to testify on those dates, the deputy prosecutor successfully moved on January 12, 2016, without objection from Owens, for a continuance until the next available trial date. A three-day trial was eventually scheduled for April 27–29, 2016.

Two days before trial, Owens filed a "Motion to Dismiss Sua Sponte," arguing that his right to speedy trial under the Arkansas Rules of Criminal Procedure and

the Sixth Amendment to the United States Constitution had been violated. In its response, the State acknowledged that, excluding for speedy-trial purposes the 154 days resulting from Owens's continuance request, his one-year speedy-trial deadline ran on February 2, 2014. Nonetheless, the State argued that the circuit court should not rely on the Arkansas Rules of Criminal Procedure; rather, it should apply a four-factor balancing test that considers the length of delay, the reason for the delay, the defendant's assertion of his right, and prejudice to the defendant.

The circuit court rejected the State's argument, finding that the speedy-trial rules as stated in the Arkansas Rules of Criminal Procedure had not been followed, and dismissed the charge against Owens.

On appeal, the State again argues that the circuit court's "mechanical" application of Rules 28.1 and 30.1 of the Arkansas Rules of Criminal Procedure in resolving speedy-trial issues did not comport with a more flexible approach recognized by the Supreme Court of the United States in *Barker v. Wingo*. Further, the State contends that the circuit court effectively rewarded Owens for his eleventh-hour invocation of our speedy-trial rules, which is "flatly inconsistent" with our decision in *Jolly v. State*, 358 Ark. 180, 189 S.W.3d 40 (2004),[1] and is "unnecessary to protect" Owens's constitutional right to a speedy trial.

As a threshold matter, we must first determine whether the State may appeal the circuit court's ruling. *State v. Johnson*, 374 Ark. 100, 286 S.W.3d 129 (2008). The State's right to appeal is limited to the provisions of Ark. R.App. P.—Crim. 3, which provides that we will accept such appeals only for "the correct and uniform administration of the criminal law." The correct and uniform administration of justice is at issue only when the question presented is solely a question of law and does not turn on the facts in the case appealed. *Johnson, supra.* Furthermore, we will only review appeals taken by the State which are narrow in scope and involve the interpretation of law and which present an issue of interpretation of the criminal rules or statutes with widespread ramifications. *State v. Nichols*, 364 Ark. 1, 216 S.W.3d 114 (2005).

We have several times considered—and rejected—appeals by the Sate of Arkansas in which it urged us to review cases dismissed pursuant to our speedy-trial rules. *See Johnson*, 374 Ark. 100, 286 S.W.3d 129 (dismissing appeal where the issue involved the circuit court's reason for disallowing excludable time); *State v. Edwards*, 310 Ark. 516, 838 S.W.2d 356 (1998) (dismissing appeal because review depended upon an application of the rule to the facts and not on interpretation of the rule); *State v. Tipton*, 300 Ark. 211, 779 S.W.2d 138 (1989) (dismissing appeal because challenge to disallowing excludable time did not involve the correct and uniform administration of the criminal law). In each of these cases, the fact-intensive nature of speedy-trial jurisprudence militated against this court accepting an appeal by the State.

We likewise conclude that the instant appeal should be dismissed. While purporting to raise purely an issue of law, the legal issue cannot be separated by the unique facts of the case before us. Accordingly, this is not a proper State appeal. *Edwards, supra.* Moreover, we note that contrary to the State's assertions, Arkansas's speedy-trial jurisprudence does not offend the requirements set forth by the

---

1. In *Betterman v. Montana*, —— U.S. ——, 136 S.Ct. 1609, 194 L.Ed.2d 723 (2016), the Supreme Court of the United States abrogated *Jolly v. State*.

*Wingo* Court, which dictates only that a trial court conduct an "ad hoc" determination of whether a defendant's right to a speedy trial had been violated. *Stephens v. State*, 295 Ark. 541, 750 S.W.2d 52 (1988). Accordingly, we dismiss this case as not a proper State appeal.

Appeal dismissed.

Wood and Womack, JJ., dissent.

Shawn A. Womack, Justice, dissenting.

I dissent from the majority's decision to dismiss this State appeal as improper; I would instead affirm the circuit court's decision on the merits.

As the majority notes, the State has a limited ability to appeal in criminal cases. This is because State appeals are permitted only by the provisions of Arkansas Rule of Appellate Procedure—Criminal 3. Unlike criminal defendants, the State has no constitutional right to appeal. Rule 3 states that this court "will not consider an appeal" from the State "unless the correct and uniform administration of the criminal law requires review by the court." Ark. R. App. P.—Crim. 3. We have interpreted this language to exclude appeals that turn on an alleged error in the circuit court's application of the law to the unique facts of the case; instead, the appeal must present "an issue of interpretation of the criminal rules with ⌊6widespread ramifications." *State v. Markham*, 359 Ark. 126, 127-28, 194 S.W.3d 765, 767 (2004).

While it must be acknowledged that these restrictions create only a narrow lane for State appeals, I believe that this case is safely inside the lines. As the majority itself recounts, the parties agree that a "mechanical" application of Rules 28.1 and 30.1 of the Arkansas Rules of Criminal Procedure would lead the circuit court to determine that the speedy-trial window had lapsed over two years before the scheduled trial. The State argued below and on appeal that, in effect, the circuit court was legally obliged to treat these rules as merely advisory or subsidiary to a broader constitutional inquiry. The State contends that the U.S. Supreme Court's precedent in *Barker v. Wingo*, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972), which interpreted the federal constitutional right to a speedy trial in the Sixth Amendment, established a balancing test that trumps the specific commands of Rules 28.1 and 30.1 given the complicated, competing interests involved in the right. The State argues that this court "endorsed" the *Barker* balancing test in *Jolly v. State*, 358 Ark. 180, 189 S.W.3d 40 (2004). The State highlights dissents from justices of this court critical of the speedy-trial rules and closes its argument with a bald request to abrogate these rules from the bench. This is an ambitious—and, as discussed below, unpersuasive—argument, but for the purposes of the proper-State-appeal inquiry, what matters is that the argument is strictly legal rather than factual or mixed. Indeed, it is difficult ⌊7to imagine a more strictly legal argument from the State than the assertion that a circuit court following the rules as written presents a constitutional issue.

The majority does not deal in any rigorous way with the State's arguments, instead claiming they are only "purported" to be issues of law. The majority avoids analysis by pointing to several other cases involving Rules 28.1 and 30.1 that we have dismissed as improper State appeals. This is a misunderstanding of the appropriate question that Rule 3 tells us to ask of attempted State appeals. Whether an appeal is proper is not a question of substantive legal category. We do not, in other words, dismiss all appeals about the speedy-trial rules (or any other rule, doctrine, or procedure) because any appeal

concerning that subject is somehow necessarily improper. We must look at how the rules are implicated in each case.

A closer look at the cases cited by the majority makes the distinction between those cases and this one clear. In *State v. Johnson*, 374 Ark. 100, 286 S.W.3d 129 (2008), the State attempted to appeal the circuit court's decisions about which spans of time should have been included or excluded from the tabulation of days required by the speedy-trial rules. Dismissal was proper there because quibbling about the calendar within the framework of the rules is a quintessentially factual determination. Similarly, in *State v. Edwards*, 310 Ark. 516, 838 S.W.2d 356 (1992), the State's appeal concerned whether a fine-grained factual determination |₈about whether a delay immediately prior to trial was "fairly attributable to acts of [*sic*] omissions of the defendant or his court-appointed counsel" and therefore excludable within the framework of the rules. *Id.* at 518, 838 S.W.2d at 357. *State v. Tipton*, 300 Ark. 211, 779 S.W.2d 138 (1989), also turns on a question of excludable time. As discussed above, in this case the State does not object to the circuit court's application of the rules. The State objects to the rules themselves.

A proper understanding of Rule 3, then, would have us deal with the State's arguments on the merits. The answer to whether Arkansas's speedy-trial rules pass constitutional muster is centrally important to the "correct and uniform administration of the criminal law." Holding that this case presents a proper State appeal, however, does not mean that the State's arguments are availing. Even conceding the State's claim that the Arkansas Rules of Criminal Procedure codify a much more protective conception of the right to a speedy trial than the U.S. Supreme Court has recognized in *Barker* and other cases, that observation alone is legally immaterial.

States are permitted to offer protections in excess of federal constitutional baselines. The task of defining Arkansas's precise implementation of the right is best left to the typical process of drafting Arkansas's rules of procedure, and I would decline the State's invitation to spontaneously abrogate the rules in question. Finally, the State's argument that this court has already mandated what it requests by our decision in |₉*Jolly*, 358 Ark. 180, 189 S.W.3d 40, is incorrect. That opinion (1) concerned the application of speedy-trial principles to the sentencing process, an area of law unrelated to the rules at issue in this case, and (2) has been abrogated by the U.S. Supreme Court in any case. *See Betterman v. Montana*, —— U.S. ——, 136 S.Ct. 1609, 194 L.Ed.2d 723 (2016). Because it is not in dispute that the circuit court applied the speedy-trial rules as written, and because I find the State's constitutional challenge to those rules unpersuasive, I would affirm.

Finally, I write separately to highlight two important issues. First, in addition to protecting a constitutional right of defendants, the speedy-trial rules incentivize circuit courts and prosecuting attorneys to effectively and efficiently manage their dockets. Here, they failed miserably in that task, and that failure carried enormous legal consequences for those involved. Second, I am concerned that this court reflexively labels far too many cases as improper State appeals. While convenient, this tendency hinders the fair and proper administration of justice.

Because I would not dismiss this appeal by the State and instead affirm the circuit court on the merits, I respectfully dissent.

Wood, J., joins.