JOSEPHINE LINKER HART, Associate Justice
The State appeals the Washington County Circuit Court's decision to dismiss criminal charges against Roger Jones for violation of his speedy-trial rights. However, Ark. R. App. P.-Crim. 3(d) prohibits this court from considering a State appeal from any final order unless "the correct and uniform administration of the criminal law requires review by the court." Because the circuit court's decision to dismiss the charges turned upon the specific facts of this particular case, we cannot consider the State's appeal. Accordingly, the present appeal is dismissed.
I. Background
Jones was arrested on January 29, 2017, based on allegations that Jones had sexually assaulted his two children. As part of its investigation, the State took a blanket containing apparent semen stains from a room shared by the two children and submitted it to the Arkansas State Crime Laboratory ("Crime Lab") for serology and DNA testing. The State also obtained DNA samples from Jones and the two children for comparison to whatever was on the blanket.
The first trial date was set for May 30, 2017. One hundred twenty-one (121) days would transpire between January 29, 2017 and May 30, 2017. It is undisputed that *379 this period of one hundred twenty-one days is appropriately included in the speedy-trial calculation.
On May 30, 2017, the circuit court granted the State's motion for a continuance until August 22, 2017, on the basis that reports from the State Crime Lab had not yet been received. Eighty-four (84) days would transpire between May 30, 2017 and August 22, 2017. In its May 31, 2017 continuance order, the circuit court excluded this period of time for purposes of speedy-trial calculation.
On August 22, 2017, the circuit court granted the State's second motion for a continuance until November 2, 2017, again on the basis that reports from the State Crime Lab had not yet been received. Seventy-two (72) days would transpire between August 22, 2017 and November 2, 2017. In its August 23, 2017 continuance order, the circuit court excluded this period of time for purposes of speedy-trial calculation.
On November 3, 2017, the circuit court granted the State's third motion for a continuance until January 23, 2018, again on the basis that reports from the State Crime Lab had not yet been received. Eighty-two (82) days would transpire between November 2, 2017 (the date of the hearing on the State's third continuance motion) and January 23, 2018. In its November 3, 2017 continuance order, the circuit court excluded this period of time for purposes of speedy-trial calculation.
On January 23, 2018, the circuit court granted the State's fourth motion for a continuance until February 13, 2018, again on the basis that reports from the State Crime Lab had not yet been received. Twenty-one (21) days would transpire between January 23, 2018 and February 13, 2018. In its January 23, 2018 continuance order, the circuit court included this period of time for purposes of speedy-trial because of an apparent lack of due diligence on the part of the State. No transcript of a hearing on this motion is abstracted or otherwise contained in the record. The circuit court also ordered that there would be a bond hearing for January 29, 2018.
On January 31, 2018, the circuit court entered an order reflecting its findings and decision relating to the January 29, 2018 bond hearing. At the hearing itself, Jones had asked the court to reconsider some of its prior orders that had excluded periods of time for speedy-trial purposes because the State had failed to exercise due diligence during those periods. Based upon his understanding of the circumstances at the time, Jones argued that the Crime Lab had completed the serology report by March 2017, at which point the Crime Lab transferred the file to its DNA testing department, but the file was never assigned to an analyst and essentially sat unprocessed since that time. The circuit court agreed, released Jones on his own recognizances, and ruled that the previously excluded periods from August 22, 2017 to November 2, 2017 (72 days) and from November 2, 2017 to January 23, 2018 (82 days) would instead be included for purposes of speedy-trial calculation.
On February 13, 2018, the circuit court granted the State's fifth motion for a continuance until March 28, 2018, on the basis "that additional Crime Lab testing must be submitted and completed." Forty-three (43) days would transpire between February 13, 2018 and March 28, 2018. In its February 13, 2018 continuance order, the circuit court included this period of time for purposes of speedy-trial calculations.
On April 3, 2018, the circuit court granted a sixth motion for continuance until April 25, 2018, which would mark the beginning of a three-day trial setting, with a pre-trial hearing to occur on April 17, *380 2018. The circuit court's order reflected that the continuance was granted "for the reason that second round of Crime Lab testing results was completed yesterday (sic), and the parties have not yet received the results and are not ready for trial." Jones had argued at the March 28, 2018 hearing that this period of time should be included for purposes of speedy-trial because, regardless of whether the State had exhibited due diligence regarding the second round of DNA testing, the second round of DNA testing became necessary only as a result of the State's lack of due diligence regarding the first round of testing. The circuit court declined to include this period of time, reasoning that the State had shown due diligence since the last continuance with regard to obtaining the DNA results. In light of the circuit court's rulings up until this point, the State had "approximately 30 days" left to bring Jones to trial within the speedy-trial limits.
Then, on April 13, 2018, Jones filed a "Motion to Reconsider Exclusion of time for Rule 28.3 and to Dismiss for Violation of Speedy-trial," which the circuit court took up at a hearing that began on April 13, 2018 and resumed to completion on April 17, 2018. A review of Jones's motion, the hearing(s) on said motion, and the exhibits introduced at the hearing(s) showed that since the January 23 and January 29 hearings where he raised the time-inclusion argument based upon the failure of the Crime Lab's DNA department to assign the file to an analyst, Jones obtained a copy of the full Crime Lab file.
The full Crime Lab file revealed emails indicating that the prior delays were actually attributable to law enforcement and the prosecution, and not to the Crime Lab as previously understood. In particular, the Crime Lab had sought further information from the investigators in Jones's case on March 6, 2017 (apparently, the detective only submitted the sample of Jones's DNA to compare with whatever was on the blanket, and did not submit the samples taken from the other potential contributors), and that request went literally unacknowledged by anyone in the offices of either law enforcement or the prosecution until January 22, 2018, the day before the scheduled January 23, 2018 hearing, when the Crime Lab was first contacted by the prosecutor in regard to this matter. In other words, the representations made by the State to support the exclusion of time at the prior hearings (that these delays were attributable to either the Crime Lab's continued efforts or the accidental failure to assign the file to a DNA analyst) were, at the very least, made without legitimate basis. Moreover, once the blanket was actually analyzed, the Crime Lab was able to quickly exclude Jones as a potential contributor to any DNA on the blanket.
For these reasons, Jones argued, inter alia , that the time between May 30, 2017 and August 22, 2017 (84 days) that had been previously excluded for purposes of speedy-trial calculation should now be included in the calculation for a lack of due diligence by the State. The circuit court agreed. This pushed the time well over Rule 28.1's twelve-month limit, and the circuit court accordingly dismissed the charges for violation of Jones's speedy-trial rights. The State appeals.
II. State Appeal
We first must determine whether this matter is an appropriate State appeal. When the State seeks to appeal a final order in a felony prosecution, this court may not consider the appeal "unless the correct and uniform administration of the criminal law requires review by the court." Ark. R. App. P.-Crim. 3(d). "Where the trial court acts within its discretion after *381 making an evidentiary decision based on the facts on hand or even a mixed question of law and fact," a State appeal is improper. State v. Edwards , 310 Ark. 516, 518, 838 S.W.2d 356, 357 (1992). Where "the State questions the trial court's application of our rule to the facts at hand and not its interpretation ... the appeal must be dismissed." Id.
Moreover, "[w]e have several times considered-and rejected-appeals by the State of Arkansas in which it urged us to review cases dismissed pursuant to our speedy-trial rules." State v. Owens , 2017 Ark. 362, at 4, 533 S.W.3d 582, 584 (citing State v. Johnson , 374 Ark. 100, 286 S.W.3d 129 (dismissing appeal where the issue involved the circuit court's reason for disallowing excludable time); Edwards , 310 Ark. 516, 838 S.W.2d 356 (1992) (dismissing appeal because review depended upon an application of the rule to the facts and not on interpretation of the rule); State v. Tipton , 300 Ark. 211, 779 S.W.2d 138 (1989) (dismissing appeal because challenge to trial court's decision to disallow excludable time did not involve the correct and uniform administration of the criminal law)). "In each of these cases, the fact-intensive nature of speedy-trial jurisprudence militated against this court accepting an appeal by the State." Owens , 2017 Ark. 362, at 4, 533 S.W.3d at 584.
The State argues that this case turns purely on an issue of law: the contemporaneous objection requirement for raising and preserving a speedy-trial issue, as set forth in Ferguson v. State , 343 Ark. 159, 33 S.W.3d 115 (2000). However, the State's argument is unavailing. The complicated nature of this case's procedural facts, with the circuit court having to revisit its prior decisions on multiple occasions due to later discovered misrepresentations, illustrates that this case is far from any ordinary sort. Moreover, the State's suggested basis for this court's review would not serve the "uniform administration of criminal law" in any legitimate sense. It is already well-established that one will not be penalized for failing to contemporaneously raise an issue of which he or she had no knowledge at the time. See , e.g. , Anderson v. State , 353 Ark. 384, 395, 108 S.W.3d 592, 599 (2003) ("[W]e have recognized four exceptions to the contemporaneous-objection rule ... [the second of which is] when defense counsel has no knowledge of the error and hence no opportunity to object[.]"). As was pointed out by both the prosecution and the defense below, the State had not yet provided the Crime Lab file to Jones at the time Ferguson contemplates an objection to the 84-day-inclusion at issue here; this is a particular but significant factual detail that pushes this case even further outside the realm of any uniform administration of the criminal law.
In short, Ark. R. App. P.-Crim. 3(d) simply does not allow this court to consider an appeal of this nature.
Appeal dismissed.
Womack, J., concurs.