Cite as 2024 Ark. App. 309

# ARKANSAS COURT OF APPEALS
## DIVISION III
**No.** CR–23–506

| | |
|---|---|
| MITCHELL STEVEN WINE <br> APPELLANT <br><br> V. <br><br> STATE OF ARKANSAS <br> APPELLEE | **Opinion Delivered** May 15, 2024 <br><br> APPEAL FROM THE SALINE COUNTY CIRCUIT COURT [NO. 63CR-23-122] <br><br> HONORABLE CHARLES A. YEARGAN, JUDGE <br><br> AFFIRMED |

## BRANDON J. HARRISON, Chief Judge

A Saline County jury convicted Mitchell Wine of one count of threatening a judicial official, Ark. Code Ann. § 5-53-202 (Supp. 2023), a Class C felony, and one count of harassing communications, Ark. Code Ann. § 5-71-209 (Supp. 2023), a Class A misdemeanor. Wine represented himself at trial. The jury heard that in November 2022, Wine was the defendant in a criminal case assigned to Saline County Circuit Judge Brent Houston. November 2, Judge Houston issued a warrant for Wine's arrest for violating a protective order. Around 1:30 the next morning, Judge Houston received two calls to his home phone. He picked up the first time and no one responded; the second time, he let it ring.

When Judge Houston arrived at work later that morning, he found two emails in his official inbox from mitchwine@hotmail.com, an address he had used to correspond with Wine. The first, sent at 1:20 a.m., read:

> You want me to come before you, boy?  You're a punk.  Nothing more.  If you want me incarcerated, why not come get me yourself?  Fat-ass punk.  Look at your piece of shit ass, boy.  'I'm a fat ass punk who can't protect my own ass.'  You lazy piece of shit.

The second, sent four minutes later, continued, "Open your mouth, fat boy.  Open that mouth and see what you get."

The next day, Judge Houston realized the early-morning caller had left a voicemail: "Brent Houston, I'm going to come to your house sometime in the very near future.  So, if you don't want that to happen, you should call me back."  He recognized Wine's voice.  Wine admitted he sent the emails and left the voicemail.

The State offered other testimony to show Wine was a serial threatener, so to speak.  He warned an attorney for the State Board of Election Commissioners in an email, "[I]f I suspect you're committing a felony, I will put my hands on you and place you under citizen's arrest.  The law requires I use non-lethal force (So long as you don't fetch for the gun you state you always carry)."  A second email began, "You're still at [a residential address], correct?"  It was the attorney's home address.

Wine threatened to make a citizen's arrest of a director and member of the State Claims Commission after it denied a claim he had filed.  He asserted authority to "pursu[e] them into their private residences in fresh pursuit . . . [with a] right to use deadly force" if he felt his life was threatened.  The State introduced belligerent text messages Wine sent to Matt Campbell, an attorney who'd been appointed to represent him in a different case: "Fight me, boy. . . . I'm about to show up at your house.  Soon.  In fact, I'm there."  Campbell called police (and moved to withdraw) after Wine mentioned Campbell's daughter in a voicemail.

The jury returned a guilty verdict almost instantly.

Wine challenges the sufficiency of the evidence that he "threatened to cause physical injury to a judicial official . . . or any member of a judicial official's immediate family." Ark. Code Ann. § 5-53-202(b)(2)(A). But he did not make that argument below. After the State rested, Wine stated, "I would like to move for a directed verdict on the felonies that I have been charged with." When the court asked whether he wanted to make the motion outside the jury's presence, Wine responded, "I'm sorry. Oh, I'll testify." He did not renew that request at the close of his own case.

To preserve a sufficiency-of-evidence challenge, a defendant must specifically state the grounds for the directed verdict in the circuit court. Ark. R. Crim. P. 33.1(a) & (c). Wine asked for a directed verdict, but he did not offer the circuit court any reason it should grant him one. That does not preserve anything for appeal. *See, e.g.*, *Radford v. State*, 2018 Ark. App. 89, 538 S.W.3d 894.

Affirmed.

VIRDEN and BARRETT, JJ., agree.

*The Cannon Law Firm, PLC*, by: *David R. Cannon*, for appellant.

*Tim Griffin*, Att'y Gen., by: *Christopher R. Warthen*, Ass't Att'y Gen., for appellee.

3