STATE of Arkansas *v.* Eugene JOHNSON

CR 08-88                                                    286 S.W.3d 129

Supreme Court of Arkansas
Opinion delivered June 26, 2008

*Dustin McDaniel*, Att'y Gen., by: *David R. Raupp*, Sr. Ass't Att'y Gen., for appellant.

*Robert N. Jeffrey*, Deputy Public Defender, for appellee.

Tom Glaze, Justice. The State appeals a circuit court order granting Eugene Johnson's motion to dismiss for lack of a speedy trial under Ark. R. Crim. P. 28. Johnson was arrested in Union County on May 16, 2006, and charged with rape and know-

ingly exposing another person to HIV.[1] On August 20, 2007, Johnson filed a motion to dismiss the charges against him, asserting that the State violated his right to a speedy trial because he had not been tried within twelve months from the date of his arrest. According to Johnson, 461 days had elapsed since his arrest; subtracting the period that the trial court excluded for the time Johnson's attorney served in the General Assembly — February 22, 2007 until May 25, 2007 — Johnson contended that the speedy trial limitation expired on August 17, 2007, and that there was no good cause for the delay.

The State filed a response to Johnson's motion to dismiss, arguing that a motion for a mental evaluation Johnson filed on April 13, 2007, tolled the accrual of time for speedy trial purposes. Specifically, the State asserted that the tolled period ran from the date Johnson filed the motion because the trial court had not ruled on the motion nor did the docket reflect that it had been withdrawn.

The trial court entered an order on August 30, 2007, granting Johnson's motion to dismiss. The State filed a motion for reconsideration, repeating its argument that the period dating from Johnson's filed motion for a mental examination (April 13, 2007) through the date set for trial (August 20, 2007) should be excluded for calculation under the speedy trial rule. The State did not dispute Johnson's assertion that he withdrew his motion during a court appearance on May 25, 2007. Instead, the State contended that, without a docket entry memorializing that Johnson withdrew his motion for a mental evaluation, "the State should be entitled to rely on the docket sheet in the fashion and with the same rights and protections as a defendant, for calculating time under the speedy trial rule."

Additionally, the State argued in its motion for reconsideration that it should be entitled to an excluded period dating from May 25, 2007 through June 22, 2007, because "the State was awaiting the return of medical records pertaining to HIV." According to the State, the period should be excluded under the "other good cause" tolling provision of Ark. R. Crim. P. 28.3(h) because "[t]he State was not able to secure these records without resorting to the issuance of a prosecutor's subpoena compelling the appearance of health department official before the Court."

---

[1] The State later filed an amended information to include a second charge of knowingly exposing another person to HIV.

Johnson filed a response to the State's motion for reconsideration, contending that a court is not required to issue a written order or docket entry determining excluded periods until a defendant enforces his right to a speedy trial under Ark. R. Civ. P. 28.3.[2] Turning to the State's argument that it was entitled to a "good cause" exclusion for the period it was waiting for Johnson's medical records, Johnson contended that the State did not exercise due diligence in trying to obtain the records, as evidenced by the fact that the criminal information was filed by the State on May 17, 2006, and the State did not issue a subpoena for the records until July 9, 2007. Accordingly, Johnson argued, the State was not entitled to a good cause exclusion.

The trial court filed a letter order on October 25, 2007, denying the State's motion for reconsideration. The order stated that the court "cannot breathe new life into a proposed excluded period," and that "[t]hese cases are prime examples of what can happen when a case falls between the cracks."

As a threshold matter, the court must determine whether the State may appeal the trial court's ruling. Unlike the right of a criminal defendant to bring an appeal, the State's right to appeal is limited to the provisions of Ark. R. App. P.–Crim. 3. *See, e.g., State v. Wilmoth*, 369 Ark. 346, 255 S.W.3d 419 (2007). Under Rule 3, the State's appeal must require this court's review for "the correct and uniform administration of the criminal law." Ark. R. App. P.–Crim. 3(c); *State v. Markham*, 359 Ark. 126, 194 S.W.3d 765 (2004). The correct and uniform administration of justice is only at issue when the question presented is solely a question of law independent of the facts in the case appealed. *See, e.g., State v. S.G.*, 373 Ark. 364, 284 S.W.3d 62 (2008). Where the appeal relies on facts unique to the case, the appeal will not lie. *Id.* The court will only review appeals taken by the State which are narrow in scope and involve the interpretation of law, and which present an issue of interpretation of the criminal rules or statutes with widespread ramifications. *See, e.g., State v. Fuson*, 355 Ark. 652, 144 S.W.3d 250 (2004). We do not allow appeals by the State merely to demonstrate the fact that the trial court erred; the appeal must require a holding that will establish precedent important to the correct and uniform administration of justice. *Id.*

---

[2] The State does not raise this issue on appeal. Issues raised below but not argued on appeal are considered abandoned. *Jordan v. State*, 356 Ark. 248, 147 S.W.3d 691 (2004).

■ The State argues that it was entitled to have time excluded "for other good cause" when it was trying to obtain Johnson's medical records. Determination of whether the State was entitled to such an exclusion is a factual determination, which the trial court made, and the record clearly supports that determination. The circuit court repeatedly emphasized in several successive hearings the need for the State to obtain Johnson's records from the Health Department because of speedy trial considerations, and directed the State to subpoena the records if necessary. This appeal does not solely concern a matter of law; it involves unique facts and circumstances and an interpretation of our rules with widespread ramifications is simply not at issue. *See, e.g., S. G., supra.*[3]

Dismissed.

---

[3] The State additionally argues that the trial court erred in calculating an excluded period for the time Johnson's attorney was serving in the General Assembly under Ark Code Ann. § 16-63-406(a)(1) (Repl. 2005). However, the State never raised the issue below, and we will not consider it for the first time on appeal. This court has repeatedly said that an appellant must raise an issue and make an argument to the circuit court for it to be preserved for appeal, even if the issue is constitutional in nature. *See, e.g., Strong v. State,* 372 Ark. 404, 279 S.W.3d 159 (2008).