RHONDA K WOOD, Associate Justice | Appellant Adam Lane, a parolee, appeals the judgment of the Sebastian County Circuit Court denying his motion to suppress evidence that officers discovered in his hotel room. Lane argues on appeal that the circuit court erred in denying his motion because the officers entered without a warrant and without knocking and announcing their presence in compliance with the Fourth Amendment to the United States Constitution and article II, section 15 of the Arkansas Constitution. It is an issue of first impression in Arkansas whether the knock-and-announce rule applies to parolees, and if it does apply, whether the exclusionary rule is the appropriate remedy. Lane also argues that that circuit court should have granted his motion in limine to exclude an affidavit in which he took criminal responsibility for the contraband discovered in the hotel room. We hold that the knock-and-announce rule applies to parolees, but that the exclusionary rule is not the appropriate remedy. We also hold that Lane’s affidavit should not be excluded under the Arkansas Rules of Evidence. Therefore, we affirm. |2I. Background In January 2015, Lane, who was on parole from the Arkansas Department of Correction, was staying at a hotel in Fort Smith. Lane had appeared for his initial parole intake but had failed to report to his Arkansas Department of Community Corrections parole officer, Adam Nading, in January as instructed. Lane also had violated a condition of his release by staying at the hotel, which was not his primary residence, without prior approval. Nading learned that Lane was staying at the hotel and went there with a Fort Smith police officer. The hotel manager used an electronic key device to open the locked door for the officers. The officers did not knock or announce their presence before entering the room. Lane, who had been asleep in bed with a female companion, was arrested by the officers. Next to the bed, officers observed several baggies containing methamphetamine. The officers discovered more methamphetamine and a handgun in the bed. Following his arrest, Lane authored a statement wherein he stated that the drugs found in the hotel room were his, not his companion’s. A jail employee notarized the statement. Lane was charged as a habitual criminal offender with simultaneous possession of drugs and a firearm, possession of methamphetamine with intent to deliver, and possession of drug paraphernalia. He filed a motion to suppress the evidence seized during his arrest on the basis that the officers entered his hotel room without a warrant and failed to knock and announce their presence. He also filed a motion in limine to exclude the signed statement. The circuit court denied both motions. The jury convicted Lane of the charges, and the circuit court sentenced Lane to seventy years’ imprisonment. IJI. Motion to Suppress When we review a trial court’s denial of a motion to suppress evidence de novo, we make an independent determination based on the totality of the circumstances. Cherry v. State, 302 Ark. 462, 791 S.W.2d 354 (1990). We reverse the trial court' only if the ruling was clearly against the preponderance of the evidence. Id. To resolve the issue presented here, we first must decide whether the officers lawfully entered the hotel room without a warrant. If we determine that their entry was lawful, we then must determine whether the “knock and announce” rules of the Fourth Amendment to the United States Constitution and article II, section 15 of the Arkansas Constitution apply to parolees. If knock and announce does apply, and since the parties agree that there were no exigent circumstances, we must then decide whether exclusion of the evidence is warranted. A. Warrantless Entry We first conclude that the officers’ warrantless entry into Lane’s hotel room was lawful..As part of his “Conditions of Release” from the Arkansas Department of Correction, Lane consented to a warrantless search and seizure of his “person, place of residence, and motor vehicles.” In Cherry, we held that such consents-in-advance do not violate the Fourth Amendment because “[t]he special needs of the parole process call for intensive supervision of the parolee making the warrant-requirement impractical” and:because parolees have a “diminished expectation of privacy.” Id. at 467, 791 S.W.2d at 357. However, parole officers may carry out searches only if reasonable grounds exist to investigate whether the parolee had violated the terms of his parole. Id. LHere, the entry into Lane’s hotel room was lawful because reasonable grounds existed. Lane had violated a condition of his parole by failing to report to Nading in January. Furthermore, among the conditions of Lane’s parole was that he not stay away from his designated residence without prior approval from his parole officer, Nading had not approved Lane’s stay at the hotel. For these reasons, we find that the warrantless search conducted by the parole officer was valid. B. Knock and Announce Next, we must determine whether the officers violated the “knock and announce” requirement of the United States Constitution and the Arkansas Constitution when they entered the parolee’s hotel room. In 1917, Congress adopted the common-law principle that law enforcement officers must knock and announce their presence before entering a residence. See The Espionage Act, 40 Stat. 229 (currently codified at 18 U.S.C. § 3109). In Wilson v. Arkansas, the United States Supreme Court reversed the Arkansas Supreme Court and held that the Fourth Amendment incorporates the common-law requirement that police officers entering a dwelling must knock on the door and announce then-identity and purpose before attempting entry. 514 U.S. 927, 115 S.Ct. 1914, 131 L.Ed.2d 976 (1995). Justice Thomas explained that the common-law protection of knock and announce can be traced back to the year 1603. Id. However, the Wilson Court recognized that under some circumstances the “flexible requirement of reasonableness should not be read to mandate a rigid rule of announcement that ignores countervailing law enforcement interests.” Id. at 934, 115 S.Ct. 1914. These circumstances may include the threat of harm to law enforcement officials or third parties, the possible destruction of relevant evidence, or the potential escape of the suspects. Id. We have | ¿similarly incorporated a reasonableness inquiry in analyzing “knock and announce” violations under the Arkansas Constitution. See Hart v. State, 368 Ark. 237, 244 S.W.3d 670 (2006). In the present case, the State does not dispute that the officers did not knock on the door and announce their presence and purpose prior to entering Lane’s hotel room or that no exigent circumstances existed to give the officers reasonable suspicion that knocking and announcing would be dangerous or futile. Nevertheless, the circuit court concluded that because Lane had waived his rights regarding searches and seizures as part of his conditions of parole, the entry represented “one of the reasonable unannounced entries contemplated by the Wilson court.” Therefore, the circuit court concluded that the officers were not required to knock and announce before entering Lane’s hotel room. On this point, we disagree with the circuit court. While parolees have fewer expectations of privacy than free citizens, their privacy rights are not wholly inconsequential. A parolee has a diminished expectation of privacy because his residence is subject to search on demand. But this diminished expectation does not justify unannounced entry at any time. Knock-and-announce principles protect even those with limited privacy interests, like parolees, and the individual interests implicated by an unannounced, forcible entry should not be unduly minimized. We should not be cavalier in curtailing the knock and announce rule, which dates back to 1603. Like other courts considering this issue, we do not limit the privacy interests of parolees such that searches may be pursued by officers without knock and announcement prior to entry. See Portnoy v. City of Davis, 663 F.Supp.2d 949, 957 (E.D. Cal. 2009) (“A |r,parole or probation search does not permit an exception to the knock and announce requirement unless there are exigent circumstances or futility.”); Green v. Butler, 420 F.3d 689 (2005) (holding that there is no blanket exception to the knock-and-announce requirement for parolees); People v. Montenegro, 173 Cal.App.3d 983, 219 Cal.Rptr. 331 (1985) (for warrantless parole arrests, there must be substantial compliance with knock-and-announce rules); United States v. Musa, 288 F.Supp.2d 1205, 1208 (D. Kan. 2003) (“The government does not cite, nor did the Court find, cases that extend a probationer’s diminished expectation of privacy to elimination of the knock and announce requirement....”), rev’d on other grounds by United States v. Musa, 401 F.3d 1208 (10th Cir. 2005). Three reasons weigh in favor of requiring knock and announce for parolees. First, the knock-and-announce requirement safeguards and protects the interests of officers themselves “because an unannounced entry may provoke violence in supposed self-defense by the surprised resident.” Hudson v. Michigan, 547 U.S. 586, 594, 126 S.Ct. 2159, 165 L.Ed.2d 56 (2006). In this case, appellant and his female companion had a gun in close proximity. The parole and law enforcement officers who entered without knocking and announcing risked being shot as unknown entrants to the hotel room. Second, the requirement guards the privacy arid dignity that can be eliminated by a sudden entrance. Richards v. Wisconsin, 520 U.S. 385, 393, n.5, 117 S.Ct. 1416, 137 L.Ed.2d 615 (1997). This protects not only the parolee, but also the parolee’s family and acquaintances, who may be on the premises when the search occurs. It gives residents the “opportunity to prepare themselves for” an entry by giving them time to put on clothes or get out of bed. Id. In the present case, appellant and his companion were in bed when officers entered unannounced. By 17requiring officers to take the small step of knocking and announcing, we ensure the privacy and dignity of parolees, their families, and companions. Third, as the Supreme Court observed in Wilson, individuals should be provided the opportunity to comply with the law and to avoid the destruction of property occasioned by forcible entry. Wilson, 514 U.S. at 930-32, 115 S.Ct. 1914. In the present case, the motel employee opened the door, but often, unannounced entry results in a door being kicked in and property being destroyed. Furthermore, the United States Supreme Court and the federal courts have tended to reject blanket exclusions to the knock-and-announcement requirement. See, e.g., Richards, 520 U.S. at 390-94, 117 S.Ct. 1416 (rejecting blanket exception to knock-and-announce rule in felony drug cases); Kornegay v. Cottingham, 120 F.3d 392, 398-99 (3d Cir. 1997) (rejecting blanket exception to knock-and-announce rule for murder investigations, even if suspect had previous arrests for violent offenses using weapon); Ingram v. City of Columbus, 185 F.3d 579, 589 (6th Cir. 1999) (rejecting blanket exception to knock-and-announce rule in investigation of drug transaction because mere possibility or suspicion that defendant is likely to dispose of evidence is insufficient to create exigency); United States v. Tavares, 223 F.3d 911, 916-17 (8th Cir. 2000) (rejecting blanket exception to knock-and-announce rule for felony drug cases stemming from destruction-of-evidence exigency), overruled on other grounds by Doran v. Eckold, 409 F.3d 958 (8th Cir. 2005); United States v. Nielson, 415 F.3d 1195, 1202 (10th Cir. 2005) (rejecting blanket exception to knock-and-announce rule for possession of firearms because “mere statement that firearms are present, standing alone, is insufficient” to create exigency); Green v. Butler, 420 F.3d 69, 699 (7th Cir. 2005) (rejecting blanket exception to knock-and-announce rule for searches of parolees’ and probationers’ residences); United States v. Singleton, 441 F.3d 290, 294 (4th Cir. 2006) (rejecting blanket exception to knock-and-announce rule for drug investigations, even if conducted in dangerous neighborhood and defendant has criminal history); Bishop v. Arcuri, 674 F.3d 456, 467 (5th Cir. 2012) (rejecting blanket exception to knock-and announce rule for investigation of residence suspected of being site of sale of methamphetamine). Accordingly, because the officers failed to knock and announce their presence before entering Lane’s hotel room and because there was no reasonable basis for their failure to knock and announce, the officers’ conduct violated Lane’s protection from unreasonable searches and seizures under the Fourth Amendment to the United States Constitution and article 2, section 15 of the Arkansas Constitution. C. Exclusionary Rule Despite this violation, we hold that the evidence seized should not be suppressed. The Supreme Court has held that under the Fourth Amendment to the United States Constitution the exclusionary rule does not apply to knock-and-announce violations by police. Hudson v. Michigan, 547 U.S. 586, 126 S.Ct. 2159, 165 L.Ed.2d 56 (2006).[1] We likewise hold that in the case of parolees, the exclusionary rule does not apply to knock-and-announce violations under article II, section 15 of the Arkansas Constitution. In Hudson, the Court held that if officers | gviolate the knock-and-announce rule in the course of executing a search warrant, then the trial court may not suppress the evidence for two reasons. First, a knock-and-announce violation is too “attenuated” from the seizure of evidence to warrant exclusion. Id. at 591-94, 126 S.Ct. 2159. Second, under the exclusionary-rule balancing test, the “deterrence benefits” of suppression do not “outweigh the substantial social costs.” Id. at 593-94, 126 S.Ct. 2159. Hudson involved a search of a defendant’s home with a valid search warrant. However, the Hudson rule has been extended to situations involving different types of authorization for police to enter a defendant’s dwelling. See, e.g., United States v. Smith, 526 F.3d 306 (6th Cir. 2008) (extending Hudson rule to knock- and-announce violations during warrant-less searches of parolees); United States v. Pelletier, 469 F.3d 194 (1st Cir. 2006) (extending Hudson to knock-and-announce violations during execution of an arrest warrant); In re Frank S. v. Frank S., 142 Cal.App.4th 145, 47 Cal.Rptr.3d 320 (2006) (also extending Hudson to knock-and-announce violations during parolee searches). We extend the Hudson rationale to instances in which the defendant is a parolee. As in Hudson, exclusion is not warranted because the relationship between discovery of the evidence and the constitutional violation is sufficiently attenuated. In other words, the interest asserted by Lane (i.e., the right to prevent the government from using the drug evidence in court) is unrelated to the interests underlying the knock-and-announce rule. Furthermore, the social costs identified by the Court in Hudson (the release of dangerous criminals into society, the drain of judicial resources, and the result of preventable violence to officers and destruction of evidence) far outweigh the deterrence benefits as applied to parolees. Thus, despite the knock-and-announce violation, the evidence seized from Lane 11nshould not have been suppressed under the Fourth Amendment or article 2, section 15 of the Arkansas Constitution. Consequently, we affirm the circuit court’s decision to admit the evidence seized from Lane. III. Motion in Limine Lane also argues that the circuit court erred in denying his motion in limine. He argues that the sworn affidavit he executed, wherein he asked to “take all charges” and that his female companion be relieved of the charges, should be excluded under Arkansas Rules of Evidence 410, 403, and 801 (2015). We review denials of motions in limine for an abuse of discretion. Rollins v. State, 362 Ark. 279, 208 S.W.3d 215 (2005). Arkansas Rule of Evidence 410 provides that an offer to plead guilty, later withdrawn, is not admissible against the person making the plea or offer. Ark. R. Evid. 410. The circuit court concluded that the sworn statement was not an offer to plead guilty but rather an attempt to absolve his companion of any charges against her. We agree. While asking to “take all charges,” Lane did not offer to plead guilty to the charges against him. Rather, he requested that he, not his companion, be charged with the crimes charged against them both. Furthermore, Lane failed to obtain a ruling from the circuit court that the affidavit was inadmissible pursuant to Arkansas Rule of Evidence 403; therefore, the issue is not preserved for appellate review. Eastin v. State, 370 Ark. 10, 257 S.W.3d 58 (2007). Additionally, Lane did not argue to the circuit court that the affidavit was inadmissible hearsay under Rule 801. Therefore, we will not consider either 'of these arguments on |;Tappeal. See, e.g., Dickey v. State, 2016 Ark. 66, 483 S.W.3d 287 (“[w]e will not consider an argument raised for the first time on appeal”). For the foregoing reasons, we affirm the circuit court’s denial of the motion to suppress and the motion in limine. Affirmed. Kemp, C.J., and Baker and Womack, JJ., concur. . Hudson overrules our decision in Mazepink v. State, 336 Ark. 171, 987 S.W.2d 648 (1999) wherein we concluded that under the Fourth Amendment, the exclusion of evidence was the appropriate remedy for a knock-and-announce violation. In Mazepink, we did not address whether the exclusionary rule should apply under article 2, section 15 of the Arkansas Constitution.