COURTNEY HUDSON GOODSON, Associate Justice
The State of Arkansas appeals from the Craighead County Circuit Court's order granting appellee Karen Siegel's motion to dismiss the charges against her based on a speedy-trial violation. For reversal, the State argues that the circuit court erred by rejecting the State's argument that a particular period of time should have been excluded from the speedy-trial calculations. Siegel has filed a motion to dismiss the appeal, asserting that it is not a proper State appeal under Ark. R. App. P.-3(d) (2017). We grant Siegel's motion and dismiss the appeal.
Siegel was convicted of thirty-one counts of misdemeanor animal cruelty in district court, and she appealed her convictions to the circuit court on November 19, 2015. The trial was initially set for March 29, 2016, but on Siegel's motion was continued to August 30, 2016. On August 16, 2016, Siegel filed motions to suppress evidence and to declare the animal-cruelty statutes unconstitutional. A hearing was held on these motions on November 21, 2016, and the circuit court left the record open for additional exhibits, which were filed by Siegel on December 5, 2016. On May 10, 2017, the circuit court entered orders denying Siegel's motion to suppress and her motion to declare the statutes unconstitutional.
Siegel filed a motion to dismiss the charges against her on September 22, 2017, based on speedy-trial grounds. Siegel claimed that after excluding the periods of time attributable to the defense, more than twelve months had elapsed since the speedy-trial time began to run on November 15, 2015, and she was entitled to have the charges dismissed with an absolute bar to prosecution pursuant to Arkansas Rule of Criminal Procedure 28.1(c) (2017). The State filed a response to the motion wherein it contested one of the time periods excluded by Siegel.
The circuit court held a hearing on the motion to dismiss on October 3, 2017. The primary dispute between the parties centered on the time period between the November 2016 hearing on Siegel's motions and the order denying those motions in May 2017. The circuit court found that the speedy-trial time began to run on January 4, 2017, thirty days after the supplemental material in support of Siegel's motions had been submitted and the motions were taken under advisement. However, the State argued that a January 6, 2017 email exchange between the State and defense counsel, stating that counsel was "in favor of moving the trial date" showed that Siegel had agreed to postpone the trial pending the circuit court's ruling on her motions. Thus, the State contended that the *412 period between January 5, 2017, and May 10, 2017, was excluded from the speedy-trial calculation. The circuit court agreed with Siegel that this time period was not excluded, stating that the court had not been not privy to these discussions between counsel and that there was no indication from the record that Siegel had requested a continuance during this time frame. Thus, the court found that Siegel's right to a speedy trial had been violated and dismissed the charges against her in an order entered on October 4, 2017. The State timely appealed from this order.
As a threshold matter, we must decide if we have jurisdiction to hear the State's appeal in this case. Unlike that of a criminal defendant, the State's right to appeal is limited by the provisions of Rule 3 of the Arkansas Rules of Appellate Procedure-Criminal. State v. Ledwell , 2017 Ark. 252, 526 S.W.3d 1. Although Rule 3(b) allows the State to appeal following a misdemeanor or felony prosecution, we will not accept such an appeal unless the correct and uniform administration of the criminal law requires review by this court. Ark. R. App. P.-Crim. 3(d). We review only State appeals that are narrow in scope and that involve the interpretation, not the application, of a criminal rule or statutory provision. Ledwell , supra ; State v. Jenkins , 2011 Ark. 2, 2011 WL 143571. In addition, we do not allow an appeal by the State that involves a mixed question of law and fact. State v. Brashers , 2015 Ark. 236, 463 S.W.3d 710 ; Jenkins, supra. When the resolution of a State's attempted appeal turns on the facts of the case and does not require interpretation of our criminal rules with widespread ramifications, the appeal is not proper under Rule 3. Statev. Johnson , 374 Ark. 100, 286 S.W.3d 129 (2008). State appeals that merely demonstrate that the circuit court erred are not permitted. Id.
The State contends that the issue presented in this appeal involves the correct and uniform administration of the law. The State specifically argues that the circuit court erred as a matter of law by concluding that an email agreement between Siegel and the State that the trial should not be set until the court ruled on Siegel's pending motions did not toll the speedy-trial time. The State cites Ferguson v. State , 343 Ark. 159, 33 S.W.3d 115 (2000), in which we held that a statement by defense counsel that he intended to file a writ of prohibition and that he assumed the time would be charged to the defendant amounted to a waiver of the defendant's right to a speedy trial.
In her motion to dismiss the State's appeal, Siegel argues that the issue raised by the State involves the application, not the interpretation, of our speedy-trial rules. She contends that the circuit court made specific factual findings at the hearing regarding the tolling and running of speedy-trial times and that this appeal does not concern the interpretation of a specific rule, statute, or other law.
We agree. The State's appeal in this case is a challenge to the circuit court's findings of fact regarding which periods of time were attributable to Siegel and therefore excluded from the speedy-trial calculation. Thus, it does not present an issue of interpretation of a criminal rule that would have widespread ramifications. See, e.g. , State v. S.L. , 2012 Ark. 73, 2012 WL 581690 (dismissing appeal where it involved the application of speedy-trial rules to the unique facts in that case); State v. Johnson , supra (dismissing State appeal from an order granting a motion to dismiss for lack of speedy trial because the issue raised was a factual determination and did involve the correct and uniform administration of justice); State v. Tipton , 300 Ark. 211, 779 S.W.2d 138 (1989)
*413 (same). Accordingly, the State's appeal is not authorized under Rule 3, and we grant Siegel's motion to dismiss the appeal.
Appeal dismissed.