Cite as 2023 Ark. 6
# SUPREME COURT OF ARKANSAS
No. CR-22-219

|  |  |  |
|---|---|---|
|  |  | **Opinion Delivered:** February 9, 2023 |
| STATE OF ARKANSAS | APPELLANT | APPEAL FROM THE FAULKNER COUNTY CIRCUIT COURT [NO. 23CR-20-625] |
| V. |  |  |
| TYLER DEWAYNE PATE | APPELLEE | HONORABLE TROY B. BRASWELL, JR., JUDGE |
|  |  | <u>DISMISSED</u>. |

**SHAWN A. WOMACK, Associate Justice**

The State appeals this case claiming an error by the circuit court regarding a speedy-trial ruling. Appellee, Tyler Pate, argues that this is an improper State appeal under our rules. We agree, and accordingly dismiss the appeal.

On June 6, 2019, Arkansas State Police were dispatched to a two-car accident involving Tyler Pate and Phillip Moore. Moore was injured, and police suspected Pate, who had empty beer cans in his vehicle, of driving while intoxicated. On June 14, 2019, Pate was charged in Faulkner County District Court for driving while intoxicated.

The district court set an initial trial date for September 24, 2019. Pate moved for a continuance, and the district court granted his motion and continued the trial for a start date of December 17, 2019. The State subpoenaed Moore to appear at the December 17 trial. The day before trial, Moore, using counsel that was not on the record, filed a motion

for continuance because he was "recently" hospitalized and could not attend. The court granted the motion for continuance on December 16, 2019, for a trial start date of March 24, 2020.

Prosecutors subsequently filed a felony information in the Faulkner County Circuit Court. On June 17, 2020, Pate was charged in the Faulkner County Circuit Court with second-degree battery in violation of Ark. Code Ann. § 5-13-202 (Supp. 2017). The State subsequently filed an amended information, and Pate was charged with having committed battery in the second degree, driving while intoxicated, careless and prohibited driving, and failure to wear a seatbelt. *See* Ark. Code Ann. § 5-13-201; Ark. Code Ann. § 5-65-103 (Repl. 2016); Ark. Code Ann. § 27-51-104 (Repl. 2010); Ark. Code. Ann. § 27-51-702.

On August 31, 2021, Pate filed a motion to dismiss the State's prosecution based on a speedy-trial violation. Pate argued that his "right to a speedy trial on these charges had been violated because he was not tried within twelve months of his arrest and/or the filing of charges, as required by Ark. R. Crim. P. 28.1 and 28.2(a)." The State filed a response and argued that the speedy-trial clock was tolled between December 16, 2019, and March 24, 2020, in accordance with Ark. R. Crim. P. 28.3(d) and (h).

The speedy-trial hearing was held on October 29, 2021. There, the court found that the speedy-trial clock began to run on June 14, 2019, and concluded that the State was charged with a total of 366 days. It ruled that the charges be dismissed since Pate had not been tried within twelve months, as required by Ark. R. Crim. P. 28.1. On February 9, 2022, the State filed its notice of appeal.

The State argues that the circuit court's ruling, that the district court erred by failing to determine if a 98-day period was excluded at the time it ordered the continuance, conflicts with the plain text of Rule 28.3 and must be reversed. Pate argues that this is an improper State appeal pursuant to Ark. R. App. P.–Crim. 3.

The circuit court found that 366 days of speedy-trial time, consisting of three time periods, had run against the State:

- June 14, 2019, through September 23, 2019, totaling 102 days.
- December 17, 2019, through March 23, 2020, totaling 98 days.
- June 17, 2020, through November 29, 2020, totaling 166 days.

The period of December 17, 2019, through March 23, 2020, totaling 98 days (the "December Continuance"), is the issue on appeal. Moore's attorney, who was not of record, filed the December Continuance to give Moore time to attend the trial, given Moore's hospitalization at that time. The circuit court addressed the December Continuance by stating:

> On December 16, 2019, the district court granted a continuance filed by an attorney not of record and whom neither represented the State nor the Defendant. A review of the pleadings reveal [sic] the attorney requesting the continuance, was private counsel for the named victim. Despite the lack of standing, the court continued the case from December 17, 2019 to March 24, 2020. The court's order did not toll a speedy trial.

> The Circuit Court is not in a position to go backwards in time and review the court's order to determine whether speedy trial should have been tolled. Specifically, the record is void of any motion filed by the state wherein they requested that time be tolled. Further, the State did not file an objection to the order until the current motions were filed on or about August 31, 2021. Such an objection should have been filed at or near the time the order was entered in the District Court. The

3

absence of language tolling time in the order necessitates that the time was charged to the State.

As a threshold matter, we must assess jurisdiction to hear the State's appeal. *State v. Siegel*, 2018 Ark. 269, 555 S.W.3d 410. Contrasted to the right of a criminal defendant, the State's right to appeal is limited by the provisions of Rule 3 of the Arkansas Rules of Appellate Procedure –Criminal. *State v. Ledwell*, 2017 Ark. 252, 526 S.W.3d 1. This court has continuously held that it will not accept a State appeal unless the correct and uniform administration of the criminal law requires review by this court. Ark. R. App. P.–Crim. 3(d). This means that we will review only State appeals that are narrow in scope and that involve the interpretation, not the application, of a criminal rule or statutory provision. *Ledwell*, *supra*; *State v. Jenkins*, 2011 Ark. 2. The case cannot involve a mixed question of law and fact. *State v. Brashers*, 2015 Ark. 236, 463 S.W.3d 710. As we've stated before, when the resolution of a State's attempted appeal turns on the facts of the case and does not require interpretation of our criminal rules with widespread ramifications, the appeal is not proper under Rule 3. *State v. Johnson*, 374 Ark. 100, 286 S.W.3d 129 (2008). State appeals that merely demonstrate that the circuit court erred are not permitted. *Id.*

Here, the State contends that the issue presented in this appeal involves the correct and uniform administration of the law. The State argues that the circuit court erred as a matter of law because it faulted the district court for not precisely mentioning the tolling of time, resulting in 98 days erroneously charged to the State. We are not persuaded. Indeed, the circuit court stated, "[t]he absence of language tolling time in the order necessitates that

the time was charged to the State." However, this is not a statement of law, nor does this sentence address any legal interpretation of Rule 28.3. Instead, the circuit court stated just before that statement:

> Specifically, the record is void of any motion filed by the state wherein they requested that time be tolled. Further, the State did not file an objection to the order until the current motions were filed on or about August 31, 2021. Such an objection should have been filed at or near the time the order was entered in the District Court.

It then appears that the circuit court's concern was with the overall lack of language surrounding tolling the time; it did not rule as a matter of law that specific language is required at a specific time. This ruling was limited to the facts of this case only, therefore falls outside the purview of Ark. R. App. P.–Crim. 3(d).

The State's appeal in this case is essentially a challenge to the circuit court's findings of fact regarding the speedy-trial calculation. Thus, it does not present an issue of interpretation of a criminal rule that would have widespread ramifications. Accordingly, the State's appeal is not authorized under Rule 3, and we dismiss.

Dismissed.

Special Justice KAREN WHATLEY joins.

WYNNE, J., not participating.

*Leslie Rutledge*, Att'y Gen., by: *Christian Harris*, Ass't Att'y Gen., for appellant.

*Robert M. "Robby" Golden*, for appellee.