Cite as 2024 Ark. 87

# SUPREME COURT OF ARKANSAS
**No.** CR–23–697

|  | |  |
|---|---|---|
| | | **Opinion Delivered:** May 16, 2024 |
| STATE OF ARKANSAS | | |
| | APPELLANT | APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT, THIRD DIVISION |
| V. | | [NO. 60CR–20–3108] |
| RAYMOND N. BAILEY, JR. | | |
| | APPELLEE | HONORABLE CATHLEEN V. COMPTON, JUDGE |
| | | <u>REVERSED AND REMANDED.</u> |

**RHONDA K. WOOD, Associate Justice**

This is a State interlocutory appeal from a pretrial order suppressing evidence in a felony prosecution. Because this appeal concerns the correct and uniform administration of justice, we find it is a proper State appeal. The State asks us to consider a novel question of Arkansas law: To what degree of certainty must law enforcement believe that a place is a probationer's residence before conducting a warrantless search of it pursuant to the residence-waiver provision within a probationer's signed search waiver? Bailey, the appellee, signed a waiver under Arkansas Code Annotated section 16-93-106 as a term and condition of his probation.

The circuit court granted Bailey's motion to suppress after holding that law enforcement must have probable cause to believe that the place to be searched is the probationer's residence and finding it did not. For the reasons discussed below, we hold that the correct legal standard requires law enforcement to have a reasonable suspicion, based on

the totality of the circumstances, to believe the place to be searched is the probationer's residence if conducting a search under that provision.[1] Because the circuit court employed the wrong standard, we reverse the decision to suppress the evidence and remand to the circuit court.

## I. *Factual Background*

We provide the relevant facts to the issue at law as stated in the defendant's motion to suppress evidence, which the State does not dispute. Raymond Bailey signed a search waiver as a condition of his probation. Per that waiver, Bailey consented to "submit [his] person, place of residence, motor vehicles, and/or any other area or property under [his] control to search and seizure at any time, day or night, with or without a search warrant by any Arkansas Community Correction officer or any other certified law enforcement officer."

In June 2020, North Little Rock Police (Police) conducted surveillance at a local motel. The Police saw various people coming and going from a black sedan in a manner indicative of illegal drug transactions. They saw Bailey remove a duffel bag from the car and take it into room 106. Bailey then exited room 106 and left in the vehicle with the driver and went to a local fast-food restaurant. There, Police observed more suspected drug activity. Bailey entered and left the fast-food restaurant and then returned to the motel on foot. The driver of the car was detained, and heroin was found in the vehicle.

---

[1]We limit our holding to the novel issue of law presented: the standard for determining belief of residence. We do not assess whether there were other grounds on which law enforcement may have conducted a search.

The Police detained Bailey upon his return to the motel. They had discovered that (1) his name was on the motel guest roster; (2) he was on probation; and (3) he had executed a search waiver. Upon searching him, they found the key to room 106 and in reliance on the waiver, proceeded to search the room. Police found heroin and drug paraphernalia.

Bailey was charged. He moved to suppress the evidence found in the motel room. Bailey argued that the Police did not have probable cause to believe that room 106 was his residence. The circuit court granted the motion to suppress, finding that the warrantless search violated the Fourth Amendment because "law enforcement officers lacked probable cause to believe that [the motel room 106] was Mr. Bailey's 'place of residence' for purposes of his search waiver" and that it "is the government's burden to show that law enforcement had proof that a residence was in fact a parolee's 'place of residence' prior to making any warrantless entry." The State filed an interlocutory appeal.

## II.  *State Appeal*

The State cannot appeal adverse rulings in criminal matters as a matter of right; such appeals are granted only if they comply with Rule 3 of the Arkansas Rules of Appellate Procedure–Criminal. *State v. Guthrie*, 341 Ark. 624, 19 S.W.3d 10 (2000). Interlocutory appeals by the State are limited to certain situations. One permissible State interlocutory appeal is "from a pretrial order in a felony prosecution which (1) grants a motion under Ark. R. Crim. P. 16.2 to suppress seized evidence." Ark. R. App. P.-Crim. 3(a) (2020). These State appeals must also involve the "correct and uniform administration of the criminal law [which] requires review by the court." Ark. R. App. P. –Crim. 3(d) (2020). Issues involving the standards for what is required to conduct a search can involve the correct

3

and uniform administration of justice. *State v. Thompson*, 2010 Ark. 294, 377 S.W.3d 207 (finding that whether a canine sniff alone reaches the level of probable cause to search a vehicle was important to address for the correct and uniform administration of law).

We hold that this is an appropriate interlocutory appeal by the State. Specifically, we find this because (1) there is value in the uniform application of law in the area of the Fourth Amendment; (2) this is an issue of first impression; (3) for their safety and that of others, it is important that law enforcement know the standard to use when exercising searches; and (4) the facts are not in dispute. This is not to suggest that our rules require that there must be more than one reason. This is a valid State appeal to decide the standard for law enforcement belief that a location is a probationer's residence before conducting a warrantless search of that premises on a residence-search waiver. Our decision will have widespread application and is necessary for the correct and uniform administration of justice. *State v. Ledwell*, 2017 Ark. 252, at 3–4, 526 S.W.3d 1, 3. Thus, we proceed to the merits.

III. *Interpretation of Law*

We review de novo the circuit court's grant of a motion to suppress based on the totality of the circumstances. *Thompson*, 2010 Ark. 294, at 5, 377 S.W.3d at 210. We review findings of historical facts for clear error and determine whether those facts give rise to reasonable suspicion or probable cause. *Id.* We review issues involving statutory interpretation de novo. *State v. Britt*, 368 Ark. 273, 275, 244 S.W.3d 665, 667 (2006).

We begin with looking at the statute on which the waiver is based. Arkansas Code Annotated section 16-93-106 requires probationers and parolees to agree to a waiver

4

allowing law enforcement to conduct warrantless searches of their persons, residences, motor vehicles, property, and more. The statute provides:

> (a)(1) A person who is placed on supervised probation or is released on parole or post-release supervision under this chapter is required to agree to a waiver as a condition of his or her supervised probation, parole, or post-release supervision that allows any certified law enforcement officer or Division of Community Correction officer to conduct a warrantless search of his or her person, place of residence, or motor vehicle at any time, day or night, whenever requested by the certified law enforcement officer or division officer.
>
> (2) A warrantless search that is based on a waiver required by this section shall be conducted in a reasonable manner but does not need to be based on an articulable suspicion that the person is committing or has committed a criminal offense.

Ark. Code Ann. § 16-93-106 (Supp. 2019).[2] For purposes of this case, the statute places two relevant limitations on law enforcement's search of the probationer under these waivers. First, the search must be of "his or her person, place of residence, or motor vehicle." *Id.* § 16-93-106(a)(1). Second, the warrantless search must be "conducted in a reasonable manner[.]" *Id.* § 16-93-106(a)(2).

The circuit court rejected the waiver as a valid basis for the warrantless search of Bailey's motel room stating that the Police lacked probable cause to believe that the motel room was his place of residence. It relied on *United States v. Thabit*, 56 F.4th 1145, 1151 (8th Cir. 2023). *Thabit* held that "[a]n officer must have probable cause to believe a dwelling is the residence of a parolee" to execute a waiver search of that location. *Id.* That reliance

---

[2]This is the version of the statute that was in effect at the time of the incident. The statute was amended in 2023 and a new version went into effect on January 1, 2024. The changes are not to the precise language we interpret.

5

was misplaced. That is not our standard, nor do we find it persuasive. *Thabit* involved a waiver search of a private residence known to belong to a third party whose own constitutional rights to be free of unreasonable searches were potentially at issue. *Id*. We decline to use this standard for the waiver search of a probationer's motel room.[3]

We look to the statute and our precedent to determine the correct legal standard. As noted above, the statute provides that the search must be "conducted in a reasonable manner[.]" Ark. Code Ann. § 16-93-106(a)(2). This reasonableness requirement satisfies the general Fourth Amendment requirement that government searches be reasonable. *State v. Robinson*, 2013 Ark. 425, at 7, 430 S.W.3d 105, 109. "Clearly the touchstone principle in any Fourth Amendment analysis is reasonableness, and in making a reasonableness determination it is necessary for a court to consider the totality of the circumstances." *Id*.

We determine whether a search is reasonable "by assessing, on the one hand, the degree to which it intrudes upon an individual's privacy and, on the other, the degree to which it is needed for the promotion of legitimate governmental interests." *United States v. Knights*, 534 U.S. 112, 118–19 (2001) (cleaned up). A probationer has less expectation of

---

[3]Additionally, *Thabit*'s holding suggests that a probationer or parolee would have a greater expectation of privacy and greater Fourth Amendment protections when in a third-party's residence than in his or her own residence. We decline to adopt *Thabit*'s reasoning as it might contradict our caselaw that an individual's expectation of privacy and protection from unreasonable search and seizure is greatest in his or her home. *See, e.g.*, *Kelley v. State*, 371 Ark. 599, 604, 269 S.W.3d 326, 329 (2007) ("This court . . . has recognized a heightened protection of our citizens' right to privacy in their homes."); *see also Welsh v. Wisconsin*, 466 U.S. 740, 748 (1984) ("It is axiomatic that the physical entry of the home is the chief evil against which the wording of the Fourth Amendment is directed."(quoting *United States v. U.S. Dist. Ct.*, 407 U.S. 297, 313 (1972))) (cleaned up).

privacy in his motel room while there is a legitimate government interest in the search waiver as recognized by the policy of our General Assembly.

In *Lane v. State*, we upheld a warrantless entry into a parolee's hotel room pursuant to a waiver. 2017 Ark. 34, 513 S.W.3d 230. We explained that waivers granting consent in advance to such searches "do not violate the Fourth Amendment because the special needs of the parole [probation] process call for intensive supervision of the parolee making the warrant requirement impractical and because parolees have a diminished expectation of privacy." *Lane*, 2017 Ark. 34, at 3, 513 S.W.3d at 233 (cleaned up).[4]

We hold that law enforcement need only have a reasonable suspicion that the probationer is residing in the place to be searched for officers to execute a warrantless search pursuant to a residence-search waiver. This is evaluated based on the totality of the circumstances. *Thompson*, 2010 Ark. 294, at 5, 377 S.W.3d at 210.

Last, we conduct our de novo review of the circuit court's grant of a motion to suppress. These facts were undisputed: (1) Police relied on the waiver to execute their search of the motel room; (2) Police knew that Bailey's name was on the guest-registration list; (3) they had seen him enter the room with a bag and then leave the room; and (4) they had found the room key in his pocket. Based on a totality of the circumstances, the Police had a reasonable suspicion or belief that Bailey was residing in the motel room and executed the search in a reasonable manner as was permissible under the statute and consistent with the Fourth Amendment. *See also Samson v. California*, 547 U.S. 843, 857 (2006). Reasonable

---

[4]The warrantless entry in *Lane* was permissible under the waiver because there were reasonable grounds to believe that the parolee had violated his parole. *Id*.

suspicion that the motel room was Bailey's residence was enough to support a warrantless search of that motel room pursuant to a valid residence-search waiver.

Because the circuit court applied the incorrect standard, we reverse the circuit court's order granting the motion to suppress and remand.

Reversed and remanded.

WEBB, J., concurs in part and dissents in part.

BAKER and HUDSON, JJ., dissent.

**BARBARA W. WEBB, Justice, concurring in part and dissenting in part.** I agree that this is a proper State appeal. *See State v. Blevins*, 304 Ark. 388, 802 S.W.2d 465 (1991). I also agree that the circuit court erred by adopting the requirement articulated in *United States v. Thabit*, 56 F.4th 1145 (8th Cir. 2023), that the police have probable cause to believe that the motel room in question was Mr. Bailey's residence. However, I do not agree that substituting "reasonable suspicion" for the probable-cause standard is appropriate in this case.

The standard for evaluating the constitutionality of searches is that they must be objectively reasonable under the totality of the circumstances. *United States v. Knights*, 534 U.S. 112 (2001). It is the standard specified by Arkansas Code Annotated section 16-93-106(a)(2) and by all binding Fourth Amendment jurisprudence *See Knights*, *supra*. No more is required. In *Samson v. California*, 547 U.S. 843 (2006), the Supreme Court held that a search waiver, executed as a condition of release can so diminish or eliminate a released prisoner's reasonable expectation of privacy that a suspicionless search by a law enforcement officer would not offend the Fourth Amendment.

8

I am mindful that the *Thibat* court likely wrestled with concern about how a third-party's Fourth Amendment rights might be affected by the presence in their home of a parolee or probationer who had executed a search waiver. This concern is not implicated in the case-at-bar. First, it is apparent that the *Thibat* court—and the Pulaski County Circuit Court—somehow confused "residence" with "domicile." In *Goodwin v. Harrison*, 300 Ark. 474, 479, 780 S.W.2d 518, 520 (1989), the supreme court held that "residence" means "the place of actual abode, and not an established domicile or home to which one expects to return and occupy at some future date." (citing *Norton v. Purkins*, 203 Ark. 586, 157 S.W.2d 765 (1942)). Place of abode simply means a place where a person is staying. Accordingly, the fact that a defendant may have a domicile that is different from his residence does not make a warrantless search unreasonable. Second, in the case before us, Mr. Bailey was not staying in the domicile of a third party. The record reflects that, prior to the search, the police established that Mr. Bailey had rented the motel room, that he possessed a key card to the room, and that they had observed him carrying luggage into the motel room and leaving the room without it. No other person's expectation of privacy was at issue. The police in this case conducted an objectively reasonable search.

**COURTNEY RAE HUDSON, Justice, dissenting.** Because I would hold that this is not a proper State appeal under Rule 3 of the Arkansas Rules of Appellate Procedure—Criminal, I would dismiss it. Thus, I respectfully dissent. Unlike that of a criminal defendant, the State's right to appeal is limited by the provisions of Ark. R. App. P. –Crim. 3. *State v. Siegel*, 2018 Ark. 269, 555 S.W.3d 410; *State v. Jones*, 2012 Ark. 454, 427 S.W.3d 635. Although Rule 3(a)(1) allows the State to appeal from a pretrial order granting a motion to

suppress seized evidence, we will not accept such an appeal unless the correct and uniform administration of the criminal law requires review by this court. Ark. R. App. P. –Crim. 3(d). The correct and uniform administration of the criminal law is at issue only when the question presented is solely a question of law independent of the facts in the case appealed. *State v. Johnson*, 374 Ark. 100, 286 S.W.3d 129 (2008). If the appeal turns on facts unique to the case, the appeal will not lie. *Id.* We therefore review only those State appeals that are narrow in scope and that involve the interpretation, not the application, of a criminal rule or statutory provision. *State v. Ledwell*, 2017 Ark. 252, 526 S.W.3d 1. State appeals that merely demonstrate that the circuit court erred are not permitted. *Id.* Further, we do not accept an appeal by the State that involves a mixed question of law and fact. *State v. Pate*, 2023 Ark. 6, 659 S.W.3d 274; *Siegel, supra.*

The State asserts that we should accept jurisdiction of this appeal because the circuit court "interpreted the law wrongly, and then applied that flawed interpretation of the law." Specifically, the State argues that the warrantless search of Bailey's motel room pursuant to the search waiver was conducted in a reasonable manner in compliance with Arkansas Code Annotated section 16-93-106(a)(2) and that the circuit court erred by imposing "arbitrary preconditions" to exercise the search waiver that Bailey had agreed to as a condition of his probation. The State further contends that the probable-cause standard proposed by Bailey does not apply to motel rooms and "is unmoored from the Fourth Amendment." Finally, the State claims that even if Bailey is correct that a probable-cause showing of residency is a precondition to a waiver search, the circuit court should still be reversed because probable cause was demonstrated here.

None of these arguments presents a valid basis for exercising jurisdiction of this appeal. First, Bailey's motion to suppress did not claim that the search was unreasonable under section 16-93-106(a)(2); rather, he argued that the State failed to show that the motel room was his "place of residence" as required by section 16-93-106(a)(1). This is not an "arbitrary precondition" but a statutory element that must be satisfied before a warrantless search of a probationer can be initiated. Second, the State initially agreed with Bailey that probable cause was the correct standard to be applied in this situation. In fact, in its response to Bailey's motion to suppress, the State specifically cited *United States v. Thabit*, 56 F.4th 1145 (8th Cir. 2023), as setting forth the applicable law, although it argued that it had demonstrated probable cause under these facts. At the hearing on the motion, the prosecutor again agreed that "the officer must have probable cause to believe a dwelling is a residence of a probationer or a parolee in order to initiate a warrantless search of a home or a dwelling." It was not until *after* the circuit court ruled in Bailey's favor that the State argued in its motion for reconsideration that the court erred in relying on *Thabit, supra,* and its probable-cause analysis. It is well settled that parties must object at the first opportunity and may not wait until they receive an adverse outcome before bringing an alleged error to the circuit court's attention. *Quarles v. Courtyard Gardens Health & Rehab., LLC*, 2016 Ark. 112, 488 S.W.3d 513; *Fuller v. State*, 316 Ark. 341, 872 S.W.2d 54 (1994); *Tosh v. State*, 278 Ark. 377, 646 S.W.2d 6 (1983). An argument raised for the first time in a motion for reconsideration is therefore untimely and does not preserve the issue for appeal. *E.g., Plymate v. Martinelli*, 2013 Ark. 194; *LaFont v. Mooney Mixon*, 2010 Ark. 450, 374 S.W.3d 668; *Fuller, supra.* Because the State's argument that the circuit court misinterpreted the law was

not timely and is not preserved for our review, the correct and uniform administration of the criminal law does not require that we accept jurisdiction of this appeal.

Furthermore, even if the issue was properly preserved for appeal, I do not believe that the State has demonstrated that the circuit court erred in its interpretation of the applicable law. In *Thabit*, *supra*, the Eighth Circuit discussed whether reasonable suspicion or probable cause should be applied to a search involving an Arkansas parolee:

> We hold that probable cause is the appropriate standard in a case involving a dwelling of a third party. An officer must have probable cause to believe a dwelling is the residence of a parolee in order to initiate a warrantless search of a residence not known to be the home of a parolee.
>
> Our holding today is based on three reasons. First, as the Ninth Circuit reasoned in *Motley* [*v. Parks*, 432 F.3d 1072 (Ninth Cir. 2005) (en banc)], the potential for violations of the constitutional rights of third parties necessitates a more rigorous standard than reasonable suspicion. *Motley*, 432 F.3d at 1079. Second, while the State certainly has important interests in the supervision of parolees and the prevention of recidivism, *see Samson* [*v. California*], 547 U.S. [843, 853], 126 S. Ct. 2193, the narrow application of this standard is not a burdensomely high bar for law enforcement to meet. Because parolees remain under supervision, law enforcement should possess substantial information needed to locate them, including the address listed on their conditional release forms and information relevant to their underlying arrest and detention. Third, the waiver signed by parolees allowing searches of their residence nullifies any need for law enforcement to develop a reason to search. *Id.* at 846, 126 S. Ct. 2193. They simply must possess probable cause that the parolee actually resides at the search location.

*Thabit*, 56 F.4th at 1151–52. The *Thabit* court noted that the Ninth Circuit also requires probable cause that a parolee or probationer resides at a particular location and that the Third Circuit has applied this standard to probationers. *Id.* at 1150 n.2. In this context, a person of reasonable caution must have probable cause to believe that the parolee resided at a certain location prior to the search, and it is assessed based on the totality of the circumstances. *Id.* at 1151. Although the residence at issue in *Thabit* was not a motel room,

courts have applied the probable-cause standard to these situations as well. *See, e.g.*, *United States v. Franklin*, 603 F.3d 652 (9th Cir. 2010); *United States v. Odom*, No. 4:22-cr-00049-LPR-1, 2024 WL 216784 (E.D. Ark. Jan. 19, 2024). While these federal court decisions are not binding on this court, we have considered such authority, particularly from the Eighth Circuit, to be highly persuasive. *E.g.*, *Decay v. State*, 2009 Ark. 566, 352 S.W.3d 319.

The circuit court's ruling granting Bailey's motion to suppress was based on its application of the probable-cause standard—espoused by both parties and supported by the persuasive authority discussed above—to the facts in this case. We will not accept an appeal by the State when the circuit court has acted within its discretion after making an evidentiary decision based on the particular facts of the case or even a mixed question of law and fact. *State v. Newman*, 2017 Ark. 257, 525 S.W.3d 457; *State v. Nichols*, 364 Ark. 1, 216 S.W.3d 114 (2005). Nor will we permit an appeal merely to demonstrate that the circuit court erred. *Ledwell*, *supra*. Accordingly, I would dismiss the State's appeal as improper under Rule 3.

BAKER, J., joins.

*Tim Griffin*, Att'y Gen., by: *Christian Harris*, Sr. Ass't Att'y Gen., for appellee.

*Willard Proctor , Jr., P.A.*, by: *Willard Proctor Jr.*, for appellee.